Curia, per

Evans, J.
By reference to the report of the presiding Judge, and the accounts annexed, it appears that administration was granted to Joseph Dixon, on the estate of James Hunter, on the 4th August, 1833. Between that time and the first of January, 1834, he received $2,130 91, and expended, including his commissions, $1,117 83, leaving a balance in his hands on the first January, 1834, of $1,013 08. Upon this sum, the Ordinary, in adjusting the accounts, charges him with interest for one year, although it appears that up to the 3d of April, he paid away $2,265 68, whilst his receipts (excluding the sale bill, not then due,) for the same period, was only about $900. From which it seems that the *205 administrator is charged with interest on the sum in his hands, on the 1st January, 1834, for a whole year, when he had actually paid it away for the benefit of the estate before the 3d of April. The sale bill was due the 18th December, 1834. On the 1st January, 1835, the amount, viz. $17,387 71, is charged against the administrator as a debt due by him, and a balance is struck on that day, and interest computed on that balance for one year, although it appears that the administrator paid in the course of the year, more than $2,000 above his receipts. And in this manner the account is adjusted from year to year until the final settlement. On appeal to the circuit court of law for Abbeville district, Mr. Justice Butler ordered this account to be corrected so as to allow the administrator to retain the annual balance, or so much as was necessary, together!with the receipts, to meet the disbursements of the current year. From this decision, the case has been brought to this court by appeal, and we are called upon to laydown some sensible rule,.if practicable, fot the settlement of trustees’ accounts. I am very sensible of the difficulty of this task, and the difficulty is greatly increased by the fact that the court is much divided in opinion upon many points connected with the case, and especially because this opinion is supposed to conflict with the cases of Jones vs. West, and Davis vs. Wright, reported in 2 Hill, 560. I feel, with great force, the importance of the maxim stare decisis, and 1 would hesitate long before I would agree to reverse the decision of the highest court of judicature in the State, made, as it is manifest, in relation to these cases, after much reflection and consideration. But it does seem to me, that a rule may be laid down, calculated to attain the ends of justice, and in strict subordination to the rules adopted both in England and in this State, without impairing either the value or the principle of those cases. In the case of Jones vs. West, the rule is laid down thus, “ the account is to be made up annually, and interest computed on annual balances ; for the year in which the account commences no interest is computed, at the end of it the sum received is ascertained, the'expenditures are deducted, the interest is computed for the ensuing year, and added to the amount received in it, and the balance of the last year, and from the aggregate the expenditures are deducted. 1 will illustrate the rule by an example.
Annual balance January 1st, 1831, - - . $10,000
Interest for one year, to 1st January, 1832, - - - 700
Amount of receipts for .1831, - - - - 1,000
Aggregate, - - j - $11,700
Deduct expenditures in 1831, - - - - . - 5,000
Balance 1st of January, 1832, - - - $6,700
*206 The effect of this mode of settling the account, is, that the administrator is made to pay interest on $10,000 fora whole year, when in the course of that yeaz; he has paid for the estate $4,000 more than he received, upon which he is allowed no interest. No one will doubt that this is gross injustice, and I apprehend it will require but little argument to prove that á rule exhibiting such results cannot be inflexible, arid must admit of exceptions. The general rule, as laid down in all the cases in reference to the accountability of trustees, is, that they shall use such diligence in the' preservation and improvement of the trust fund, as a prudent man would do in relation to his own aflairs. The corollaries to this proposition are, 1st. That he shall not make profit out of his trust,' and 2d. That he shall be charged with no loss, except for neglect of duty. All rules on the accountability of trustees, must be made in subordination to these principles, and whenever a case occurs in which the application of a general rule violates these principles, the case should constitute an exception to the rule, and be decided with reference to the great principles which I have just stated. Now it is manifest, that to charge the administrator with interest on whatever sum was in his hands on 1st of January, as an invariable rule, would work most flagrant injustice in the case stated above, and by reference to the case under consideration, the injustice is equally flagrant in principle, although less in amount. Thus the administrator had in
his hands on the 1st January, 1S35, ... $15,311 28
Add interest one year, - - - - 1,07S 78
Add receipts in 1835, - - - - - - 15131
$16,541 37
Deduct expenditures in 1835, - - - 2,409 18
Annual balance 1st January, 1836-. - $14,132 19
This statement from the accounts may not be exactly correct, but it is Sufficiently so to illustrate the case. The executor pays interest on the wbolé balance on hand on 1st January, although in the course of the year he expends more than $2,000 above hiá receipts. As a general rule, 1 am satisfied with the case of Jones vs. West-, and when the receipts exceed the expenditures, it may be just in its operations, but as in the case under consideration, the executor pays away not only what he receives, but also the annual balance or a part of it, there Can be no just reason for charging him with interest upon money which it is necessary he should retain in order to meet the debts of the estate. I will illustrate my opinion by a case.
Annual balance 1st January, 1831; ■■ - - $10,000
*207 Receipts in 1831, - - - - - - 1,000
Aggregate, ------ $il,000
Deduct payments in 1831, - 5,000
\--
Add interest one year on tbis sum, - - - $6,000
Annual balance 1st January, 1833, - 6,420
Tbis is doing justice to the. administrator; he is not charged with inter¡est on funds necessary to be left on hand to meet the demands against the estate, and is in subordination to all the principles applicable to the nature of his office. He is charged with interest on such sums as he might have invested, and he is allowed to keep on hand such sums as are necessary for the exigencies of the estate. The difference between this mode and that adopted by the Ordinary in the case put above, is $280, or the inter-, est on $4,000. If it was intended to lay down the rule in Jones vs. West as an inflexible one, to be applied to all cases, 1 think it was wrong. It would be justas practicable to prescribe rules by'which we'could always determine what was fraud, or what constitutes negligence. It may be true that the operation of the rule may be just in most cases, but that it would be unjust in some, is practically illustrated by the case before us, and it will be a poor consolation to this administrator, to be told that the rule has been applied in other cases without injustice. I have looked through most of the cases reported by our own reporters on this subject, and it seems to me that the principles laid down in this opinion, are in perfect accordance to them all, unless if may conflict with the cases of Foote vs. Van Rardst, Jones vs. West, and Davis vs. Wright, before referred to ; and I am inclined to think it may well be reconciled with the general reasoning of the Judge who .delivered the opinion in those cases. What was the understanding of the rule in 1827, appears from the case of Teague vs. Dandy, 2 M’C. C. R. 212. Judge Johnson, referring to the case of Wright vs. Wright, as to the method of computing interest, says, “ it will be sufficient to remark, in referenpe to this case, that the method of calculating interest is to deduct the credits at the time the payments or disbursements were made, from the sum on hand, whether it consists of principal, interest, or income, and the remainder constitutes the balance due.” But there is another question growing out of this case. The Ordinary, adopting the rule laid down in Davis vs. Wright, charged the administrator with the gross amount of the sale bill at the time it became due; and this, with the other items of receipts for the current year, deducting the payments, constituted the-balance of the 1st of January, 1835. In the case of Davis vs. Wright, this mode of settling executors’ account *208 is adopted, as calculated to do justice in the great majority of cases. I subscribe most cheerfully to the general reasoning of that well considered .opinion, but it seems to me that the same desire to simplify, and thus render intelligible and practicable, the rules to be observed in settling trustees’ accounts, has led to the same error as in Jones vs. West. The error is in ¡substituting a rule for a principle. The rule is inflexible, but the principle adapts itself to the infinite variety of the affairs of men. Can any good reason be assigned, if'an executor suffered the sale bill to remain at interest, collecting so much as was necessary to meet the exigencies of the estate, rendering regular accounts of his transactions, shewing when he collected the funds of the estate, and how and when he disposed of them, why his accounts should uot be settled according to the truth of the facts, rather than by teference to any artificial rule ? The position here stated is illustrated by the case under consideration. The administrator appears to have rendered annually accounts (the correctness of which was not impeached,) of his transactions in relation to the estate. When he collected debts he charged himself with them, and when he paid a debt he entered it as a credit. The notes and debts uncollected, with interest due thereon, he offered to bring into the final settlement, and thus account for all the trust funds which had come into his hands. This, it seems to me, was acting in good faith, and was doing, in relation to the estate, exactly what a prudent man would do in relation to his own affairs. All that could be asked of him was that he should show satisfactorily, how he had disposed of the funds, and that he had not suffered them to be unnecessarily unproductive. If he had not made interest when he might have done it, he should be charged with the interest thus lost, and if it was necessary to keep the fund on hand to meet the debts, or necessary expenses, then he ought not to be charged with interest. But it supposed .there is no difference between this mode of settling the accounts and that mode which charges the amount of the sale bill in gross. This is not so. By the latte,r mode, interest is charged as if he had collected the whole sale bill on the first of January after it became due, or put it out to inter.est on that day, and the accruing interest is brought into the account at .the beginning of each year, as if the executor had collected it precisely ,on the day it was due, which is requiring more than can be done by any ¡man in relation to his own private affairs, and this is all that is expected ,or required of an executor, i am not to be understood as meaning to .say that every trustee is entitled to have his accounts - thus adjusted. If ,he acts fairly, if he renders his accounts according to law, to the Ordinary, ¡and exhibits by his return a full and satisfactory account of his transactions ,in relation to his trust, then his accounts are .to be adjusted in the way *209 herein directed. But if, as is too often the case, he renders no accounts,, or such as he renders are irregular or imperfect, then the general rule, as in Davis vs. Wright, and adopted by the Ordinary in this case, ought to be applied, of charging him with the gross amount of the sale bill, and! computing interest on the principle of annual balances, as herein set forth. Of this, if it works injustice, and subjects him to a greater amount of interest than he has made,' he cannot complain. It is the effect of his own conduct, rind neglect of the duties imposed on him by law, and the Office which he has undertaken to execute. The office of an executor is one of great trust and importance, and every inducement should b'é held out to the honest and faithful discharge of its duties, and no favour should be shown to’ one who looks to his ovvn gain's, rather than the interest of his cestuique trust. Iri this opinion, I have endeavored to confine myself to the case under consideration. It may be that there are other points connected with the general duties and liabilities of trustees which may require explanation, but it will be sufficient to decide these when they aris6i It is ordered that this -case be sent back to the Ordinary of Abbe-' ville, to adjust the accounts of the administrator of Hunter upon the j>fin-‘ ciples contained in this opinion.'
Johnson, DeSaussure, arid Richardson, CC; and’ J. concurred.
O’Neall, J.
In my opinion just delivered in the cases of Farr & Clowney vs. Blair, 1 had occasion to state my adhesion to the rule in Jones vs. West, and also that it might be properly connected with, and'be subordinate to, the rule that when the'exigencies of the estate, such as the payment of debts or legacies, required the retention of the annual balance in the hands of the executor or administrator, that he should not be liable to interest thereon. The case of Davis vs; Wright, however,' provides ri remedy for all the fancied evils supposed to arise irom the rule in such a case as this. So soon as the administrator has a fund sufficient to pay the debts, let them all, with the accruing interest, be deducted, and'theri'the’ nett balance would be the interest-bearing fund.'
G-antt and Earle,- Justices, absent.